**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

vs.

HARRY WINSTON, INC.

      Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil, by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Harry Winston, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.      Plaintiff Juan Carlos Gil brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Harry Winston, Inc.'s website (which is an extension of its fine jewelry salons) throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

2.     Companies operating on internet twenty years (20) after consumers starting using the internet to better their lives, business and governments have to make decisions on whether to be inclusive, or to exclude people.

3.     When the owners and operators of a website do not take the steps necessary to notice people of their website's limitations or to provide programming that works (interfaces) with universal screens readers[1], they are not only disrespecting the disabled community, but they are actively excluding these same disabled people from their business, which in fact segregates the disabled into being non-participants, ie: second-class citizens.

4.     When websites are not fully accessible to all, it's essentially a bad business practice, a detriment to theirs stakeholders, the disabled, and society.

5.     In a world where there are an increasing number of low vision and blind individuals whose population is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

6.     This case arises out the fact that Defendant Harry Winston, Inc. has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and accessing the Defendant's website www.harrywinston.com.

7.     Defendant Harry Winston, Inc. (also referenced as "Defendant") owns and operates places of public accommodation which are luxury jewelry and watch salons

---

[1] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

under the brand name "Harry Winston." Harry Winston jewelry salons offer for sale to the general public exclusive diamond and gemstone jewelry[2], engagement rings, wedding bands, and watches which are all individually handcrafted. Heretofore, referenced as "Harry Winston jewelry" and/or "Harry Winston luxury jewelry and watches."

8.    The Defendant offers an adjunct website www.harrywinston.com ("website") which is directly connected to its Harry Winston jewelry salons and retail affiliates since the website provides a site locator to the Defendant's Harry Winston salon locations (places of public accommodation). Thus, www.harrywinston.com ("website") has a true nexus to the Defendant's Harry Winston jewelry salons.

9.    This complaint seeks declaratory and injunctive relief to correct the Defendant's policies and practices, to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the Defendant's www.harrywinston.com website so that the Plaintiff (and other individuals who are visually impaired and who cannot access and comprehend the websites that operate therein without the aid of assistive technology) will be able to independently and privately use the Defendant's www.harrywinston.com website. This complaint also seeks compensatory damages to compensate the Plaintiff for having been subjected to unlawful discrimination.

## JURISDICTION & VENUE

10.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

---

[2] bracelets, earrings, necklaces, charms, rings, pendants, and men's cuffs

11.     This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Harry Winston jewelry online.

12.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is authorized to conduct business within the state of Florida as a foreign for profit corporation, and is conducting, business within the within the jurisdiction of this court by virtue of the fact that two of its Harry Winston jewelry salons is located in the district and its website is available to the general public within this district,  and the acts constituting the violation of the ADA occurred in this District.

13.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

### THE PARTIES

**Juan Carlos Gil**

14.     Plaintiff Juan Carlos Gil (also referenced as "Plaintiff") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

15.     Plaintiff Juan Carlos Gil is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Therefore, Juan Carlos Gil is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

16.     Plaintiff Gil cannot use the computer without the assistance of screen reader software.

**Harry Winston, Inc.**

17.     Defendant Harry Winston, Inc. (also referenced as Defendant) is the owner and operator of an international chain of luxury jewelry and watch salons under the brand name "Harry Winston."

18.     Defendant Harry Winston, Inc. has been in operations for over eight decades and was founded by the legendary gemologist Harry Winston.  Harry Winston was dubbed "The King of Diamonds" and the premiere "Jeweler to the Stars" during the 1930's. Harry Winston brand jewelry still adorns the likes of movie stars, heads of state, and international dignitaries.  Fast forward to present day and Harry Winston is now world renown for manufacturing and selling some of the finest, rare, and most expensive jewelry and watches in the world.

19.     Defendant Harry Winston, Inc. is a wholly owned subsidiary of The Swatch Group AG, which is a Switzerland based manufacturer, distributor, and designer of high end watches and jewelry.  The Swatch Group AG is publicly traded on the Swiss Stock Exchange (SIX).    The Defendant's parent company employs over 36,000 individuals in over fifty countries worldwide and owns eighteen different watch brands. According to 2015 data, The Swatch Group AG reported approximately 8.451 billion Swiss Francs in net revenue making the company a powerful competitor in the high end jewelry and watch market.

## FACTS

20.      The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a chain of luxury jewelry and watch salons under the brand name "Harry Winston," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2). Each of the Defendant's Harry Winston jewelry salons are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's Harry Winston luxury jewelry and watch salons are also referenced throughout as "place(s) of public accommodation," "Harry Winston jewelry salons," or "Harry Winston retail affiliates."

21.      The Defendant's website www.harrywinston.com ("website") is offered to provide the general public information including but not limited to information on the various locations of the Defendant's Harry Winston jewelry salons worldwide, throughout the United States, and within the state of Florida.

22.      The Defendant owns and/or operates over thirty Harry Winston jewelry salons worldwide[3], two of which are in the state of Florida.  Harry Winston brand jewelry and watches are also sold by select retail affiliates located all over the world.  In addition to the two official Harry Winston jewelry salons located in Florida, there is also one retail affiliate within the jurisdiction of this court.  The Defendant's website www.harrywinston.com services the various Harry Winston jewelry salons by providing

---

[3] North America, Asia, Afric, Caribbean, Europe, Latin America, Middle East

information on each Harry Winston jewelry salon locations and each retail affiliate location. The website also provides information of Harry Winston jewelry and in so doing supports Harry Winston jewelry sold through its Harry Winston jewelry salon locations and through its Winston retail affiliates.

23.     Since the Defendant's website allows the general public the ability to locate one of the many Harry Winston jewelry salon locations, the website is an extension of the physical Harry Winston jewelry salons.   Therefore, the website has a direct nexus between the website and the Defendant's Harry Winston jewelry salons, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

24.     The website also allows the general public access to view online a wide range of Harry Winston jewelry, select Harry Winston jewelry for a private viewing, and then schedule an appointment to view that selected Harry Winston jewelry. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.   As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[4]

---

[4] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

25.     Plaintiff Juan Carlos Gil is a customer who is interested in purchasing Harry Winston jewelry which is offered through the Defendant's Harry Winston jewelry salons, retail affiliates, and through its website www.harrywinston.com.

26.     Plaintiff Juan Carlos Gil is a customer who is interested in previewing the exclusive and world-famous Harry Winston jewelry and watches offered for sale at Harry Winston jewelry salons and retail affiliates and available for preview through its www.harrywinston.com website (from which the Plaintiff can schedule an appointment at a nearby Harry Winston jewelry salon). The decision to purchase a diamond, gemstone, or watch often requires specific research to ascertain the specific style and design a customer prefers as the purchase often times can be costly.  The opportunity to preview from home jewelry selections for price, quality, size, attributes, and style prior to venturing to a jewelry salon to view and purchase is an important accommodation that the Plaintiff desires, because traveling outside the home as a blind individual is a difficult and frightening experience.

27.     Plaintiff Juan Carlos Gil frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Juan Carlos Gil uses commercially available screen reader software to interface with the various websites.

28.     In order to comprehend the Defendant's website and to become informed of the Defendant's Harry Winston jewelry (which other members of the general public may preview online), Plaintiff Juan Carlos Gil must use screen reader software.

29.     Previewing luxury jewelry and watches online and having the ability to make an appointment online to schedule a time to purchase said items is a highly sought

after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

30.      Like most of us, Plaintiff Juan Carlos Gil accesses several websites at a time to compare merchandise and prices. When previewing merchandise online, Plaintiff Gil may look at several dozen websites to compare jewelry features, styles, and prices.

31.      Plaintiff Juan Carlos Gil is interested in purchasing Harry Winston jewelry.  Plaintiff Juan Carlos Gil had heard about the newly opened Harry Winston salon located in the Design District of Wynwood, Florida and decided to shop online to learn about Harry Winston jewelry through its website, www.harrywinston.com.

32.      During the month of August 2016, the Plaintiff attempted on several occasions to utilize the Defendant's website to peruse the merchandise with the intent of scheduling an appointment at the Design District Harry Winston salon. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

33.      However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

34.      The Defendant's website contains access barriers that prevent free and full use by visually impaired individuals using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics,

inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

35.     The Defendant's website also lacks prompting information and accommodations necessary to allow visually impaired individuals who use screen reader software to locate and accurately fill-out online forms. On a shopping website such as www.harrywinston.com, these forms include search fields to locate specific products and fields used to fill-out personal information to schedule an in-store appointment or to request assistance and product information from a Harry Winston salon or retail affiliate. Due to the lack of adequate labeling, visually impaired customers cannot easily make these above mentioned appointments or inquiries online for Harry Winston jewelry.

36.     The Plaintiff attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding contacting the Defendant to alert the Defendant to the inaccessibility of its website www.harrywinston.com, but was unable to do so, because no such link or notice was provided[5].

37.     The fact that Plaintiff Gil could not interface with the Defendant's www.harrywinston.com website left him feeling as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.harrywinston.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

---

[5] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

38.     Plaintiff Juan Carlos Gil and others of low vision want to patronize the Defendant's website, but are unable to do so due to their vision impairment because the website has not been designed to accommodate low vision people.  Thus, the Plaintiff and others will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.

39.     The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

40.     The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

41.     The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

42.     On information and belief, the Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Harry Winston website by individuals with disabilities.

43.     On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

44.     On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

45.     On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

46.     On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

47.     On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

48.      On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

49.     On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

50.     On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

51.     On information and belief, the Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[6].

52.     On information and belief, the Defendant does not have a Web Accessibility Policy.

53.     On information and belief, the Defendant has not disclosed to the public any intended 1) audits, 2) changes, or 3) lawsuits to correct the inaccessibility of their website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

54.     Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.harrywinston.com.

55.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

56.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

57.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

58.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American

---

[6] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

civic and economic life. That mandate extends to internet websites, such as the Defendant's website, where they have a direct connection.

59.     On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its Harry Winston jewelry available in its various Harry Winston salon locations, retail affiliates, and available for preview online.

60.     On information and belief, the Defendant is aware of need to provide full access to all visitors of the Website.[7]

61.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

62.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

63.     Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

64.     According to Statistic Brain Research Institute[8], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online sites such as www.harrywinston.com have made a purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

---

[7] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[8] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/

65.     According to the National Federation for the Blind[9], there are 6,670,300 Americans with visual disabilities.

66.     The National Federation for the Blind has also reported that there are over half a million people with visual disabilities living within the state of Florida.

67.     The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendant is operating in violation of Plaintiff Juan Carlos Gil's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

68.     Plaintiff Juan Carlos Gil has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

69.     Plaintiff Juan Carlos Gil and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

70.     Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

71.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

---

[9] Statistics for 2012, see http://www.NFB.org/blindness-statistics

72.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-71 above.

73.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[10].

74.     As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to the general public on its website www.harrywinston.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

75.     Pursuant to 42 U.S.C. §12181(7)(E), www.harrywinston.com (the Defendant's website) is a *place of public accommodation* under the ADA because it serves to augment the Defendant's chain of Harry Winston jewelry salons and Harry Winston jewelry sold by various retail affiliates. The Defendant does so by providing the general public information on the various locations of the Defendant's chain of Harry Winston jewelry salons and the locations of its retail affiliates and educating the general public as to the line of Harry Winston jewelry and watches, and also by providing the general public with the ability to preview Harry Winston jewelry online and make an

---

[10] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

appointment to purchase said items at one of the Defendant's Harry Winston jewelry salons or from one of its retail affiliates.

76.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

77.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

78.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

79.     As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA.  Plaintiff Juan

Carlos Gil has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

80.    Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

81.    A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired.  The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

    1) The language of the document is not identified,
    2) Image alternative text is not present, and
    3) A form control does not have a corresponding label.

82.    Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

    1) Alternative text is likely insufficient or contains extraneous information,
    2) An event handler is present that may not be accessible,
    3) A heading level is skipped,
    4) Flash content is present,
    5) Adjacent links go to the same URL,
    6) A link contains no text, and
    7) Alternative text is likely insufficient or contains extraneous information.

83.    More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

84.     Further, the Defendant's website did\does not offer include the universal symbol for the disabled[11] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

85.     Therefore, due to the Plaintiff's disability and the Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

86.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their websites accessible. Examples of such guidelines include (but not limited to) adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make the Defendant's www.harrywinston.com website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

87.     The Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.harrywinston.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites.   These violations within the www.harrywinston.com website are ongoing.

---

[11] , or HTML "Accessibility" link for those individuals who are visually impaired

88.     As a result of the Defendant's inadequate development and administration of www.harrywinston.com, Plaintiff Juan Carlos Gil is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

89.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

a)  Require Defendant Harry Winston, Inc. to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.harrywinston.com to a statement as to Harry Winston, Inc.'s policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

b)  Require Defendant Harry Winston, Inc. to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.harrywinston.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

90.     Plaintiff Juan Carlos Gil has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Juan Carlos Gil is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Harry Winston, Inc..

WHEREFORE, Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Harry Winston, Inc. and request the following injunctive and declaratory relief:

a)      The Court to declare the Terms of Use as delineated on the website www.harrywinston.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Use;

b)      The Court to declare that the privacy rights of the Plaintiff (refer to Privacy Policy on the Defendant's website) have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c)      The Court issue a declaratory judgment that Defendant Harry Winston, Inc. has violated the Plaintiff's rights as guaranteed by the ADA;

d)      The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Harry Winston, Inc. from operating its website www.harrywinston.com without adequate accommodation for the visually impaired community;

e)      The Court enter an Order requiring Defendant Harry Winston, Inc. to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

f)      The Court enter an Order requiring Defendant Harry Winston, Inc. to clearly display the universal disabled logo[12] within its website, wherein

---

[12] 

the logo would lead to a page which would state Harry Winston, Inc.'s accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.harrywinston.com;

g)      The Court enter an order requiring Defendant Harry Winston, Inc. to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h)      The Court enter an Order directing Defendant Harry Winston, Inc. to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website known as www.harrywinston.com.

i)      The Court enter an Order directing Defendant Harry Winston, Inc. to establish a policy of web accessibility and accessibility features for the website known as www.harrywinston.com.

j)      The Court award to the Plaintiff reasonable attorney's fees, damages, costs (including but not limited to court costs and expert fees), and other expenses of suit; and

k)      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of August, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*